## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN FULTS and DEBORA S. FULTS, : | | CIVIL ACTION |
| H/W. | : | |
| 190 Griffin Lane | : | |
| Manchester, PA 17345 | : | |
| | : | TRIAL DEMANDED |
| v. | : | <u>BY JURY OF TWELVE</u> |
| | : | |
| | : | |
| INTERDYNAMICS, INC. | : | NO.  04 CV 1359 |
| 80-39th Street | : | |
| Brooklyn, NY 11232 | : | |
| and | : | |
| SEXTON CAN COMPANY, INC. | : | |
| 23 East Street, Suite 301 | : | |
| Cambridge, MA 02141 | : | |
| and | : | |
| WAL-MART STORES, INC. | : | |
| 702 S.W. 8th Street | : | |
| Bentonville, Arkansas 72716 | : | |

## ANSWER, AFFIRMATIVE DEFENSES, & CROSSCLAIM OF
## <u>DEFENDANT SEXTON CAN COMPANY, INC.</u>

### <u>PARTIES</u>

1.      Denied.  After reasonable investigation, Sexton Can Company, Inc., is

without knowledge or information sufficient to form a belief as to the truth of the averments of

this paragraph.  Therefore, such averments are denied.

2.      Denied.  After reasonable investigation, Sexton Can Company, Inc., is

without knowledge or information sufficient to form a belief as to the truth of the averments of

this paragraph.  Therefore, such averments are denied.

3.      Admitted in part and denied in part.  Sexton Can Company, Inc. is a

Massachusetts corporation with its principal place of business at 23 East Street, Suite 301,

Cambridge, MA 02141.  All other averments are denied, as after reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

4.      Denied.  After reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.  Therefore, such averments are denied.

5.      Denied.  After reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.  Therefore, such averments are denied.

## **JURISDICTION & VENUE**

6.      Admitted in part and denied in part.  Answering defendant admits that it marketed and sold products in the Commonwealth of Pennsylvania and in the County of Philadelphia on and before June 28, 2003.  As to the remaining averments of this paragraph, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, which are therefore denied.

7.      Denied.  After reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.  Therefore, such averments are denied.

## **FACTS**

8.      Denied.  After reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.  Therefore, such averments are denied.

9.      Denied.  After reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.  Therefore, such averments are denied.

10.      Denied.  After reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.  Therefore, such averments are denied.

11.      Denied.  After reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.  Therefore, such averments are denied.

12.      Denied.  After reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.  Therefore, such averments are denied.

13.      Denied.  After reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.  Therefore, such averments are denied.

14.      Denied.  To the extent that the averments of this paragraph are conclusions of law, said averments are denied.  To the extent that they are not, after reasonable investigation, Sexton Can Company, Inc. is without knowledge or information sufficient to form a belief as to their truth.  Therefore, such factual averments are denied.

15.      Denied.  To the extent that the averments of this paragraph are conclusions of law, said averments are denied.  To the extent that they are not, after reasonable investigation, Sexton Can Company, Inc. is without knowledge or information sufficient to form a belief as to their truth.  Therefore, such factual averments are denied.

## DEFENDANTS' LIABILITY

16.     Denied.  After reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.  Therefore, such averments are denied.

17.     Denied.  To the extent that the averments of this paragraph are conclusions of law, said averments are denied.  To the extent that they are not, after reasonable investigation, Sexton Can Company, Inc. is without knowledge or information sufficient to form a belief as to their truth.  Therefore, such factual averments are denied.

18.     Denied.  To the extent that the averments of this paragraph are conclusions of law, said averments are denied.  To the extent that they are not, after reasonable investigation, Sexton Can Company, Inc. is without knowledge or information sufficient to form a belief as to their truth.  Therefore, such factual averments are denied.

19.     Denied.  To the extent that the averments of this paragraph are conclusions of law, said averments are denied.  To the extent that they are not, after reasonable investigation, Sexton Can Company, Inc. is without knowledge or information sufficient to form a belief as to their truth.  Therefore, such factual averments are denied.

20.     Denied.  To the extent that the averments of this paragraph are conclusions of law, said averments are denied.  To the extent that they are not, after reasonable investigation, Sexton Can Company, Inc. is without knowledge or information sufficient to form a belief as to their truth.  Therefore, such factual averments are denied.

## COUNT I
## PLAINTIFFS V. INTERDYNAMICS, INC.
## STRICT LIABILITY

21.     Answering Defendant incorporates by reference herein, all preceding paragraphs as if fully set forth at length.

22.-33.     The allegations contained in these paragraphs are not directed to the answering defendant.  Therefore, no response by answering defendant is required.  By way of further response, after reasonable investigation, Sexton Can Company, Inc. is without knowledge or information sufficient to form a belief as to their truth.  Therefore, such factual averments are denied.

WHEREFORE, defendant Sexton Can Company, Inc. demands judgment in its favor together with costs and attorneys' fees.

## COUNT II
## PLAINTIFFS V. DEFENDANT, INTERDYNAMICS
## NEGLIGENCE

34.     Answering Defendant incorporates by reference herein, all preceding paragraphs as if fully set forth at length.

35.-45.     The allegations contained in these paragraphs are not directed to the answering defendant.  Therefore, no response by answering defendant is required.  By way of further response, after reasonable investigation, Sexton Can Company, Inc. is without knowledge or information sufficient to form a belief as to their truth.  Therefore, such factual averments are denied.

WHEREFORE, defendant Sexton Can Company, Inc. demands judgment in its favor together with costs and attorneys' fees.

## COUNT III
## PLAINTIFFS V. DEFENDANT, SEXTON CAN COMPANY, INC.
## STRICT LIABILITY

46.    Answering Defendant incorporates by reference herein, all preceding paragraphs as if fully set forth at length.

47.    Denied.  After reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.  Therefore, such averments are denied.

48 (a-d). – 59   Denied.  To the extent that the averments of these paragraphs are conclusions of law, said averments are denied.  To the extent that the averments of these paragraphs are deemed factual, after reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs.  Therefore, such averments are denied.

WHEREFORE, defendant Sexton Can Company, Inc. demands judgment in its favor together with costs and attorneys' fees.

## COUNT IV
## PLAINTIFFS V. DEFENDANT, SEXTON
## NEGLIGENCE

60.    Answering Defendant incorporates by reference herein, all preceding paragraphs as if fully set forth at length.

61.    Denied.  To the extent that the averments of this paragraph are conclusions of law, said averments are denied.  To the extent that the averments of this paragraph are deemed factual, after reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, such averments are denied.

62 (a-d).    Denied.  To the extent that the averments of these paragraphs are conclusions of law, said averments are denied.  To the extent that the averments of these

paragraphs are deemed factual, after reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs.  Therefore, such averments are denied.

63– 69.      Denied.  To the extent that the averments of these paragraphs are conclusions of law, said averments are denied.  To the extent that the averments of these paragraphs are deemed factual, after reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs.  Therefore, such averments are denied.

70.      Denied.  After reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.  Therefore, such averments are denied.

71. – 73.      Denied.  To the extent that the averments of these paragraphs are conclusions of law, said averments are denied.  To the extent that the averments of these paragraphs are deemed factual, after reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs.  Therefore, such averments are denied.

WHEREFORE, defendant Sexton Can Company, Inc. demands judgment in its favor together with costs and attorneys' fees.

## COUNT V
## PLAINTIFFS V. DEFENDANT, WAL-MART
## NEGLIGENCE

74.      Answering Defendant incorporates by reference herein, all preceding paragraphs as if fully set forth at length.

75.– 76.      Denied.  The allegations contained in these paragraphs are not directed to the answering defendant.  Therefore, no response by answering defendant is required.  By way of further response, after reasonable investigation, Sexton Can Company, Inc. is without knowledge or information sufficient to form a belief as to their truth.  Therefore, such factual averments are denied.

WHEREFORE, defendant Sexton Can Company, Inc. demands judgment in its favor together with costs and attorneys' fees.

**COUNT V**
**PLAINTIFFS V. DEFENDANT, WAL-MART**
**STRICT LIABILITY**

77.      Answering Defendant incorporates by reference herein, all preceding paragraphs as if fully set forth at length.

78. – 83.      Denied.  The allegations contained in these paragraphs are not directed to the answering defendant.  Therefore, no response by answering defendant is required.  By way of further response, after reasonable investigation, Sexton Can Company, Inc. is without knowledge or information sufficient to form a belief as to their truth.  Therefore, such factual averments are denied.

WHEREFORE, defendant Sexton Can Company, Inc. demands judgment in its favor together with costs and attorneys' fees.

**COUNT VI**
**PLAINTIFFS V. DEFENDANT SEXTON**
**AND DEFENDANT INTERDYNAMICS**
**(NEGLIGENCE PER SE)**

84.     Answering Defendant incorporates by reference herein, all preceding paragraphs as if fully set forth at length.

85.     Denied.  To the extent that the allegations contained in these paragraphs are not directed to the answering defendant, no response by answering defendant is required.  To the extent that the averments of this paragraph are conclusions of law, said averments are denied.

86 (a-h).     Denied.  To the extent that the allegations contained in these paragraphs are not directed to the answering defendant, no response by answering defendant is required.  To the extent that the averments of this paragraph are conclusions of law, said averments are denied.  To the extent that the allegations contained in this paragraph are deemed factual, after reasonable investigation, Sexton Can Company, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph. Therefore, such factual averments are denied.

87.     Denied.  To the extent that the averments of this paragraph are conclusions of law, said averments are denied.  To the extent that the allegations contained in this paragraph are deemed factual, after reasonable investigation, Sexton Can Company, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.  Therefore, such factual averments are denied.

88.     Denied.  To the extent that the averments of this paragraph are conclusions of law, said averments are denied.  To the extent that the allegations contained in this paragraph are deemed factual, after reasonable investigation, Sexton Can Company, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.  Therefore, such factual averments are denied.

89.     Denied.  To the extent that the allegations contained in these paragraphs are not directed to the answering defendant, no response by answering defendant is required.  To the extent that the averments of this paragraph are conclusions of law, said averments are denied. To the extent that they are directed to the answering defendant, after reasonable investigation, Sexton Can Company, Inc. is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.  Therefore, such factual averments are denied.

WHEREFORE, defendant Sexton Can Company, Inc. demands judgment in its favor together with costs and attorneys' fees.

### COUNT VII
### PLAINTIFFS V. DEFENDANTS
### LOSS OF CONSORTIUM

Answering Defendant incorporates by reference herein, all preceding paragraphs as if fully set forth at length.

90. – 91. Denied.  After reasonable investigation, Sexton Can Company, Inc., is without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs.  Therefore, such averments are denied.

WHEREFORE, defendant Sexton Can Company, Inc. demands judgment in its favor together with costs and attorneys' fees.

### FIRST AFFIRMATIVE DEFENSE

The injuries and damages for which complaint is made were caused by a person or persons for whose conduct Sexton Can Company, Inc. is not legally responsible.

### SECOND AFFIRMATIVE DEFENSE

Any injuries and/or damages which may have been sustained by Plaintiffs were proximately caused by Mr. Fults' own negligence, and as such any damages that may be recoverable herein should be reduced or eliminated pursuant to the Pennsylvania Comparative Negligent Act, 41 Pa. C.S.A. § 7102.

## THIRD AFFIRMATIVE DEFENSE

Mr. Fults by his conduct, consciously and willingly assumed the risks associated therewith, and as such defendant Sexton Can Company, Inc. has no liability.

## FOURTH AFFIRMATIVE DEFENSE

The claims asserted against Sexton Can Company, Inc. are barred by the applicable statute of limitations, including but not limited to 42 Pa. C.S.A. § 5521 et seq. and 13 Pa. C.S.A. § 2725.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint herein fails to state a cause of action upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

If a product designed, manufactured or sold by Sexton Can Company, Inc. was involved in causing the injuries for which complaint is made (which is denied as more fully stated above), then said product was misused and/or abused by a person other than Sexton Can Company, Inc., and for whose conduct Sexton Can Company, Inc. is not responsible.

## SEVENTH AFFIRMATIVE DEFENSE

If a product designed, manufactured or sold by defendant Sexton Can Company, Inc. was involved in causing the injuries for which complaint is made (which is denied as more fully stated above), then said product at the time the injuries were sustained, was not in the same or similar condition as it was when sold by Sexton Can Company, Inc.

## EIGHTH AFFIRMATIVE DEFENSE

The Complaint herein fails to state a claim against Sexton Can Company, Inc. under Restatement of Torts (Second) § 402(a).

## NINTH AFFIRMATIVE DEFENSE

All claims of breach of warranty made against Sexton Can Company, Inc. are barred by the failure to give notice of such purported breach to Sexton Can Company, Inc. within a reasonable period of time after the alleged breach was discovered or should have been discovered. 13 Pa. C.S.A. § 2607.

WHEREFORE, Sexton Can Company, Inc. demands judgment in its favor and against Plaintiff, plus costs and attorneys' fees.

## CROSSCLAIM AGAINST CO-DEFENDANTS INTERDYNAMICS, INC. AND WAL-MART STORES, INC.

Sexton Can Company, Inc. asserts the following Crossclaim against Defendants Interdynamics, Inc. and Wal-Mart Stores, Inc.

1.      Sexton Can Company, Inc. incorporates herein by reference, but without adoption thereof, the allegations of Plaintiffs' Complaint insofar as they relate to Defendants Interdynamics, Inc. and Wal-Mart Stores, Inc.

2.      If the incorporated allegations of Plaintiffs' Complaint are proven at trial, then in that event Defendants Interdynamics, Inc. and/or Wal-Mart Stores, Inc. are jointly and severally liable to the Plaintiffs.

3.      If the incorporated allegations of Plaintiffs' Complaint are proven at trial, then in that event, Sexton Can Company, Inc. is entitled to contribution and/or indemnity from Defendants Interdynamics, Inc. and/or Wal-Mart Stores, Inc.

WHEREFORE, Sexton Can Company, Inc. demands judgment that Defendants Interdynamics, Inc. and Wal-Mart Stores, Inc. are jointly and severally liable to Plaintiffs or jointly and severally liable over to Sexton Can Company, Inc. for contribution or indemnity (including reasonable attorneys' fees) as to any amounts that may be recovered herein against Sexton Can Company, Inc.


                              EK-572
                              Edward J. Kelbon, Jr.
                              Attorney ID No. 67179
                              Jonathan Peri, Esq.
                              Attorney ID No. 87366
                              Saul, Ewing, LLP.
                              Centre Square West
                              1500 Market Street
                              Philadelphia, PA  19102
                              215-972-8405/972-7843

Dated: April 19, 2004

## <u>CERTIFICATE OF SERVICE</u>

I certify that I served a true and correct copy of the Answer & Affirmative

Defenses & Cross-claim of Defendant Sexton Can Company, Inc. to Plaintiffs Steven Fults and

Debora S. Fults, H/W, by their attorneys and to Co-Defendants Interdynamics, Inc. and Wal-Mart

Stores, Inc. by their attorneys by first class mail, postage prepaid, addressed as follows:

| | | |
|---|---|---|
| Daniel C. Levin, Esquire | Roberto Paglione, Esq. | Lawrence Engrissei, Esq. |
| Levin, Fishbein, Sedran & Berman | McDonnell & Associates | 1700 Market Street |
| | 500 Route 70 W. | Suite 1620 |
| 510 Walnut Street, Suite 500 | Cherry Hill, NJ 08002 | Philadelphia, PA 19103 |
| Philadelphia, PA, 19106 | (856) 429-5300 | (215) 255-6400 |
| (215) 592-1500 | | |
| | Attorneys for Defendant | Attorney for Defendant |
| Attorneys for Plaintiffs | Wal-Mart Stores, Inc. | Interdynamics, Inc. |
| Steven Fults and Debora S. Fults, H/W | | |

<u>     EK 572     </u>
Edward J. Kelbon, Esq.

Dated: April 19, 2004